JACOB D. FLESHER – SBN 210565
JASON W. SCHAFF – SBN 244285
JEREMY J. SCHROEDER – SBN 223118
**FLESHER SCHAFF & SCHROEDER, INC.**
2202 Plaza Drive
Rocklin, CA 95765
Telephone: (916) 672-6558
Facsimile:  (916) 672-6602

Attorneys for defendant,
NATIONAL RAILROAD PASSENGER CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| MICHAEL THACKER,<br><br>Plaintiff,<br><br>vs.<br><br>RAFAEL ALVAREZ; ERICKSON FARMS; GREG B. SANTOS; AMTRAK CALIFORNIA; and, DOES 1 through 20, inclusive,<br><br>Defendants. | **CASE NO. 1:19-cv-0423-LJO-JLT**<br>*Complaint filed: 5/11/18*<br>*Kern County Superior Court Case No. BCV-18-101107*<br>*Trial Date: not set*<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER FOR LOCOMOTIVE DIGITAL VIDEO RECORDER**<br><br>**(Doc. 7)** |

The parties to the above action, by and through their respective attorneys, stipulate and agree as follows:

**1.** The Locomotive Digital Video Recording (LDVR) of the subject incident, bearing production Bates No. [AMT000001], including the substance and content thereof, is considered sensitive and confidential information that is subject to the terms of this Confidentiality Agreement and Protective Order.

**2.** The LDVR is sensitive and proprietary property of Amtrak and may be used solely for the purpose of this litigation, Case No. 1:19-cv-0423-LJO-JLT, and no other, subject to the terms of this agreement and order. The transmission of production of the LDVR by Amtrak does not create any interest or right, intellectual or otherwise, in the LDVR and shall not result in any waiver by Amtrak of

1
STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

its property rights, intellectual or otherwise, or of the developer, manufacturer, and/or distributor of the software.

**3.** The term "LDVR" as used in this order specifically includes any and all CDs, DVDs, paper and electronic copies, transcripts, prints, negatives, recordings, duplicates, and summaries of the LDVR.

**4.** Prior to producing the LDVR, or any part thereof, to any party to this lawsuit, Amtrak shall stamp it with the word "Confidential" or other similar language, and in the event that there is a deposition or other testimony regarding the LDVR, or any part thereof, in this lawsuit, counsel of record for Amtrak shall designate those parts of the transcript as "Confidential" by making a statement to that effect on the record.

**5.** Counsel of record who receive any form of the LDVR from counsel of record for Amtrak shall not, except as provided in Paragraph 6, divulge or disclose the LDVR, or any part thereof, to any person or entity other than their clients or individuals employed by counsel to assist in the preparation or trial of this case – such as secretaries or legal assistants who work with and for the attorneys - and who have a need to know the content of the LDVR for purposes of this lawsuit. In addition, counsel of record who receive any form of the LDVR from counsel of record for Amtrak may disclose it, or any part thereof, to consulting or testifying expert witnesses who are employed to assist in the preparation or trial of this case.

**6.** Counsel receiving the LDVR, on behalf of themselves, their secretaries, legal assistants, and staff, shall provide to counsel for Amtrak the signed acknowledgment (Exhibit A) that he/she has reviewed and understands this Confidentiality Agreement and Protective Order; that he/she agrees to be bound by all of its terms; that he/she agrees to be subject to the jurisdiction of this Court with respect to any claimed violations of this Confidentiality Agreement and Protective Order; that he/she will not reveal the Confidential Information, or any part thereof, to any other person or entity; and that she/she will not discuss the Confidential Information, or any part thereof, with anyone other than the counsel of record who retained him/her. Counsel receiving the LDVR shall, on the date any such expert is designated/disclosed, also provide to counsel of Amtrak an identical acknowledgment signed by any testifying or consulting expert provided the LDVR pursuant to this order as Exhibit A. Counsel

2
STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

receiving the LDVR shall also retain an identical acknowledgment signed by any non-designated/disclosed expert provided the LDVR pursuant to this order as Exhibit A.

**7.** Any person who receives the LDVR in accordance with paragraphs 5 and 6 above, shall use it solely for the purposes of this lawsuit and except as expressly authorized by this Court, the recipients thereof shall not use, give, show, divulge, or otherwise disclose the LDVR, or any part thereof, or any paper or electronic copies, transcripts, prints, negatives, recordings, or summaries of the LDVR, to any other person or entity.

**8.** Prior to filing the LDVR, or any part thereof, with the Court as an exhibit or otherwise, the filing party shall give at least ten (10) days' notice to counsel for Amtrak so that Amtrak may move the Court to have the LDVR sealed. Upon filing of a motion to seal, the LDVR will be treated as sealed pending the Court's ruling on such motion.

**9.** Within 30 days after the termination of this lawsuit, including any appeals, by final judgment, settlement or otherwise, counsel of record for any party who received the LDVR from counsel of record for Amtrak shall retrieve all such LDVR an any and all paper and electronic copies, transcripts, prints, negatives, recordings and summaries thereof that are in the possession of any other person or entity, including their employees, consultants and expert witnesses shall return to counsel of record for Amtrak all copies of the LDVR; and shall certify under penalty of perjury, in writing, to counsel of record for Amtrak all copies of the LDVR were retrieved; and shall certify under penalty of perjury, in writing, to counsel of record for Amtrak that he/she has complied with this Paragraph 9.

**10.** No person who receives any form of the LDVR shall sell, offer, advertise, publicize or provide, under any circumstances or conditions, the LDVR, or any part thereof, to any person or entity other than in accordance with the provisions of this Confidentiality Agreement and Protective Order.

**11.** In the event that the LDVR, or any part thereof, appears in any form, or by reference, in the hands of an unauthorized person or entity in any proceedings or forum other than this lawsuit as a result of a disclosure by any recipient of the LDVR, including counsel of record and the parties, of it the LDVR has not been retrieved and returned to counsel of record for Amtrak in accordance with Paragraph 9 above, such shall be considered a direct violation of the provisions of this Confidentiality Agreement and Protective Order, for which any and all appropriate sanctions may be imposed.

**12.** Nothing in this Confidentiality Agreement and Protective Order is intended to deny any party the right to an open and public trial of the issues in this lawsuit, and the Court will address use of the LDVR as evidence and/or additional protections of the LDVR, if necessary, at time of trial.

**13.** If the Court refuses to enter this as a Confidentiality Agreement and Protective Order for any reason, each and all of the provisions of this Confidentiality Agreement and Protective Order still are effective and legally binding on the parties to this Confidentiality Agreement and Protective Order.

**SO STIPULATED AND AGREED**:

DATED: June 21, 2019  **FLESHER SCHAFF & SCHROEDER, INC.**

By */s/ Jeremy J. Schroeder*
JASON W. SCHAFF, ESQ.
Attorneys for defendant,
NATIONAL RAILROAD PASSENGER CORP.

DATED: June 21, 2019  **LAW OFFICES OF CRAIG E. JOHNSON**

By */s/ Craig E. Johnson*
CRAIG E. JOHNSON
Attorney for plaintiff,
MICHAEL THACKER

DATED: June 21, 2019  **WAYTE & CARRUTH LLP**

By */s/ Gregory S. Mason*
GREGORY S. MASON
Attorneys for defendant,
ERICKSON FARMS PARTNERSHIP

# **EXHIBIT A**

ACKNOWLEDGMENT OF RECIPIENT

I, the undersigned, on behalf of myself, my employees, secretaries, assistants, staff and associates, hereby acknowledge that I have received a copy of the Locomotive Digital Video Recording (LDVR), produced in the case of "*Michael Thacker v. Rafael Alvarez, et al.*" being Civil Action No. 1:19-cv-0423-LJO-JLT in the United States District Court, Eastern District of California; that such LDVR is subject to a Confidentiality Agreement and Protective Order entered by the Court in such lawsuit; that I have reviewed such Confidentiality Agreement and Protective Order and agree to its terms; that I will keep it and all copies and/or parts thereof strictly confidential as provided in such Confidentiality Agreement and Protective Order; and that I agree to comply strictly with all terms and conditions of such Confidentiality Agreement and Protective Order, a copy of which is attached hereto. I further agree to provide counsel for Amtrak a second copy of this form at the address provided below.

_____
SIGNATURE

_____
PRINT NAME

_____
DATE

COUNSEL FOR AMTRAK:

Flesher Schaff & Schroeder, Inc.
2202 Plaza Drive
Rocklin, CA 95765
Phone: (916) 672-6558
Fax:     (916) 672-6602

# ORDER

Based upon the stipulation of the parties, the Court **ORDERS**:

1. The stipulated protective order is **GRANTED**;

2. The parties are advised that this protective order, in and of itself, **does not** determine whether documents may be filed under seal. Rather, the party requesting the Court to file documents under seal, must comply with Local Rule 141 and demonstrate sealing is proper according to applicable legal authorities before the Court will grant any request for sealing.

IT IS SO ORDERED.

    Dated:   **June 25, 2019**                    **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE